UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PATRICIA ANYACHEBELU,                          :
                                               :
                      Plaintiff,               :
                                               :                    **SUMMARY ORDER**
       -against-                               :              **ADOPTING REPORT AND**
                                               :                 **RECOMMENDATION**
BROOKLYN HOSPITAL CENTER, Ms. INGRID           :                 16-CV-3159 (DLI)(SJB)
SPEARS, Ms. MAKEDA PINNOCH, Ms. HEALY          :
RODRIGUEZ, TRUSTEES OF THE NEW YORK            :
STATE NURSES ASSOCIATION BENEFITS              :
FUND,                                          :
                                               :
                      Defendants.              :
-----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

On June 16, 2016, Plaintiff Patricia Anyachebelu ("Plaintiff") initiated this action against

Defendants Brooklyn Hospital Center ("Brooklyn"), Ingrid Spears ("Spears"), Makeda Pinnoch

("Pinnoch"), Healy Rodriguez ("Rodriguez"), and the Trustees of the New York State Nurses

Association ("NYSNA") (collectively, "Defendants"), alleging employment discrimination on the

basis of age, race, and national origin under various federal, state, and local laws. *See* Complaint

("Compl."), Dkt. Entry No. 1. Plaintiff also alleges that Brooklyn and the NYSNA failed to provide

her with timely notice of the termination of her health insurance and her rights under the

Consolidated Omnibus Budget Reconciliation Act of 1983 ("COBRA"). *See Id.*

Defendants Brooklyn and Rodriguez moved to dismiss the Complaint on September 30,

2016.[1] Mem. of Law in Supp. of Mot. to Dismiss by Brooklyn & Rodriguez ("Mot."), Dkt. Entry

No. 15. Plaintiff opposed. Pl. Mem. of Law in Opp. to Mot. to Dismiss ("Opp."), Dkt. Entry No.

---

[1] The NYSNA filed an Answer to the Complaint on August 26, 2016, and thereafter, on December 16, 2016, filed an Amended Answer alleging crossclaims against Brooklyn. *See* NYSNA Answer, Dkt. Entry No. 10; NYSNA Amended Answer, Dkt. Entry No. 23. Neither Spears nor Pinnoch have been served, despite the fact that Plaintiff was granted an extension of time to do so.

21. Reply papers were filed on January 6, 2017. *See* Reply Mem. of Law on Behalf of Brooklyn & Rodriguez ("Reply"), Dkt. Entry No. 25.

On April 12, 2017, this Court referred the motion to dismiss to the Hon. Vera M. Scanlon, United States Magistrate Judge, for a Report and Recommendation ("R & R"). The magistrate judge issued her R & R on July 20, 2017. *See* R & R, Dkt. Entry No. 28. The magistrate judge recommended that the motion be granted in part and denied in part, finding that Plaintiff had failed to plead: (1) any personal involvement on the part of Rodriguez; (2) any retaliation or constructive discharge claims under 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), or the New York City Human Rights Law ("NYCHRL") against Brooklyn; or (3) a cognizable COBRA claim against Brooklyn. *Id.* at 27-41. The magistrate judge further recommended that "Plaintiff be given [thirty] days from entry of the District Court's Order . . . to replead her factually deficient claims in a manner consistent with this" R & R. *Id.* at 41. Plaintiff filed timely objections to the R & R. *See* Pl. Objs. to the R & R ("Objs"), Dkt. Entry No. 29. Neither Brooklyn nor Rodriguez responded to the objections or filed their own objections to the R & R.

For the reasons set forth below, Plaintiff's objections are overruled, and the R & R is adopted in its entirety.

## **DISCUSSION**[2]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't*

---

[2] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 2-7.

*of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, No. 11-CV-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## A.  PLAINTIFF'S OBJECTIONS

Plaintiff makes two objections. First, she argues that the magistrate judge erred in finding that Plaintiff failed to state any retaliation claim under § 1981, NYSHRL, or NYCHRL. Objs. at 4-5. Plaintiff claims that her suspension and termination were retaliation for complaining that her immediate supervisor discriminated against because of her national origin. *See* Compl. at ¶¶ 75, 85. The purported protected speech that supposedly gave rise to Brooklyn retaliation consists of complaints that her supervisor: (1) would not approve a request to switch her vacation schedule;

and (2) would not authorize a change to her assigned shift. *Id*. at ¶¶ 25-27, 34. Plaintiff does not allege she complained that these decisions were motived by discriminatory reasons. *See generally*, *Id*.

In framing this objection, Plaintiff makes the same argument that she pressed in her opposition papers: a "reasonable" employer would have understood, from context, that Plaintiff was complaining about discrimination based upon her national origin. *See* Opp. at 11; Objs. at 5. However, looking to applicable precedent, the magistrate judge determined that Plaintiff's complaints did not qualify as a "protected activity" because they were so generalized they could not put her employer on notice that she was complaining about discrimination. *See* R & R at 27-31. Reviewing the magistrate judge's analysis for clear error and finding none, the Court overrules Plaintiff's objection as to the accuracy of the magistrate judge's analysis on this issue.

Alternatively, Plaintiff argues that if this Court adopts the magistrate judge's recommendation on this point, she should "be given opportunity when amending her complaint to replead her retaliation claims." Objs. at 5. As the magistrate judge recommended that the claims be dismissed without prejudice and that Plaintiff be granted leave to file an Amended Complaint, this "objection" is overruled as moot.

Plaintiff's second objection concerns the magistrate judge's examination of her COBRA claim against Brooklyn. Objs. at 2-4. Plaintiff argues that Brooklyn is liable to her because it did not timely give NYSNA notice of her termination, and that, in turn, the NYSNA failed to notify her of her rights under COBRA within the statutory fourteen-day period. *See Id*. at 3-4; *See also* Opp. at 12-14. In evaluating this claim, the magistrate judge determined that, according to relevant precedent in the Second Circuit, as well as the COBRA statute itself, Plaintiff may only pursue a claim against the insurance plan administrator, the NYSNA. *See* R & R at 39-40. Plaintiff has

asserted a claim against the NYSNA. *See* Compl. at ¶¶ 90-92. As there is no clear error in the magistrate judge's determination that Plaintiff may only maintain this COBRA claim against the insurance plan administrator, this objection also is overruled.

**CONCLUSION**

For the reasons set forth above, upon due consideration and review, and including those portions of the R & R to which the parties did not object, the recommendations contained in the R & R are adopted in their entirety. Accordingly, the motion to dismiss is granted to the extent that the following causes of action are dismissed, without prejudice: (1) all claims against Rodriguez; (2) the retaliation and constructive discharge claims against Brooklyn under 42 U.S.C. § 1981, NYSHRL, and NYCHRL; and (3) the COBRA claim against Brooklyn. Plaintiff is granted leave to file an Amended Complaint to re-plead these insufficient claims within thirty days from the entry of this Order, *i.e.*, NO LATER THAN NOVEMBER 22, 2017. If Plaintiff fails to file an Amended Complaint within thirty days of the entry of this Order, those claims will be dismissed with prejudice.

Moreover, as Plaintiff inexplicably has failed to serve Defendants Spears and Pinnoch, despite having more than adequate time to do so, those claims are dismissed for failure to prosecute. The Clerk of the Court shall note the termination of these parties on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       September 22, 2017

                                                    _____
                                                           /s/
                                                    DORA L. IRIZARRY
                                                    Chief Judge